United States District Court
Northern District of California

UNITED STATES OF AMERICA,

Plaintiff,

v.

DEANDRE SNEAD,

Defendant.

Case No.:   CR-12-649-CW (KAW)

DETENTION ORDER

## I.  BACKGROUND INFORMATION

Defendant Deandre Snead is charged by complaint with a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm).  On August 23, 2012, the United States moved for Defendant's detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f).  Pretrial Services prepared a full bail study.  On August 28, 2012, the court conducted a detention hearing.  Defendant was present, in custody, and represented by Assistant Public Defender Joyce Leavitt.  Assistant United States Attorney James Mann appeared on behalf of the Government.  The Court notes that Defendant is currently on court probation, and has an active no bail warrant.  For the reasons stated below, the court orders that Defendant be detained.

## II.  LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release.  If the government does not meet its burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or danger to the community.  Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to

DETENTION ORDER
CR 12-70669 MAG (KAW)                                                                1

1  rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal.

2  1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

3  A person facing trial generally shall be released if some "condition, or combination of

4  conditions . . . [can] reasonably assure the appearance of the person as required and the safety of

5  any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, pretrial release

6  should be denied "[o]nly in rare circumstances." *Motamedi,* 767 F.2d at 1405; *see also United*

7  *States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n

8  our society liberty is the norm, and detention prior to trial or without trial is the carefully limited

9  exception"). Bail hearings generally proceed by proffer, and the rules of evidence do not apply.

10  18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section

11  3142(c) will reasonably assure the defendant's appearance and the safety of the community or

12  another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the

13  least restrictive condition or combination of conditions that will reasonably assure the appearance

14  of the person as required." *Motamedi*, 767 F.2d at 1405.

15  In evaluating whether pretrial release is appropriate, a court must consider  (1) the nature

16  and circumstances of the offense, (2) the weight of the evidence, (3) the history and

17  characteristics of the person (including his character, physical and mental condition, family ties,

18  employment, financial resources, length of residence in the community, community ties, past

19  conduct, history relating to drug and alcohol abuse, criminal history, or record concerning

20  appearance at court proceedings), and (4) the nature and seriousness of the danger to any person

21  or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at

22  1407.

23  The complaint charges that on May 27, 2012, Defendant possessed a Hi-Point semi-

24  automatic pistol, a firearm, despite being a convicted felon.

25  **A. The Nature and Circumstances of the Offense and Weight of the Evidence**

26  The offense charged in this case is felon in possession of a firearm, which gives rise to a

27  rebuttable presumption of detention. 18 U.S.C. §§ 3142(e)(2), (f)(1)(E).  The presumption of

28

1 detention shifts the burden of *production* to the defendant; the ultimate burden of persuasion

2 remains with the government. *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

3      The Court notes that there is a factual dispute regarding the circumstances of Defendant's

4 arrest in this case. The Government argued that Defendant ran from officers holding a gun, a

5 chase ensued, and Defendant was seen throwing a gun. Defendant contends that he did not have a

6 gun and that officers tased him even though he was unarmed. Defendant also contends that there

7 are witnesses who will say that they did not see him with a gun. The affidavit in support of the

8 complaint indicates that Defendant was tased after he allegedly threw the firearm over the top of a

9 house. The firearm allegedly thrown by Defendant during the chase was recovered by officers.

10 Since the circumstances of the offense are in dispute, however, they do not weigh fully in favor of

11 detention or release.

## B. The History and Characteristics of the Defendant and the Nature and Seriousness of the Danger to Any Person or the Community

     Defendant is 27 years old and was residing with his fiancée, his fiancée's mother, and

seven minor children in San Leandro, California. He has been reportedly unemployed for 11

months, and was previously employed as a landscaper.

     Defendant's criminal record dates back to 2001, when he was arrested for robbery as a

juvenile. His convictions as an adult range from robbery, battery, and drug possession for sale, as

well as a 2011 conviction for felon in possession of a firearm. Defendant has been incarcerated

for much of his adult life, and when he is not incarcerated he consistently violates the terms of his

supervised release, which has led to several revocations of parole and probation.

     Defendant currently has an active no bail warrant and has a previous conviction for the

charged offense, which involved a firearm. Further, the fact that he has repeatedly violated terms

of supervised release in the past, and that he was on probation when he was arrested for the

current offense, suggests that he is not be amenable to supervision.

     The only surety proposed is Chamika Grant, Defendant's fiancée, with whom he has three

minor children. She has also agreed to be a third party custodian. The Court found Ms. Grant to

be an inadequate surety as she is 25 years old, unemployed and has a combined, monthly income

DETENTION ORDER

of less than $1300 from social security disability benefits and CalWORKs, on which she is raising her seven minor children. Further, Defendant was cohabitating with Ms. Grant at the time of his arrest, as well as when he sustained his 2011 arrest and conviction for the same offense, suggesting that Ms. Grant would not be a suitable custodian.

The Court also noted that an individual related to Defendant's 2010 vandalism conviction has an active restraining order against him. Defendant explained that the case arose out of his throwing a rock at someone who was attacking him, and the rock accidentally hit the victim's car window and damaged it.

In light of Defendant's criminal history, the nature of the instant offense, and Defendant's 2011 conviction for the same offense, the Court finds that Defendant has not met his burden to dispel the presumption that he presents a danger to the community, and that there is a condition or combination of conditions that will reasonably assure the safety of any other person or the community. 18 U.S.C. § 3142(e), (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

Given the factual disputes regarding the circumstances of Defendant's arrest and the weight of the evidence in this case, the Court advised Defendant that he could seek release at a later date to propose sufficient conditions that could reasonably mitigate his risk of danger to the community, and identify an adequate surety (or sureties) who would provide sufficient moral suasion to guarantee his compliance with the conditions of his supervised release.

For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the

///

///

///

///

1    corrections facility in which Defendant is confined shall deliver Defendant to a United States

2    marshal for the purpose of an appearance in connection with a court proceeding.

3          IT IS SO ORDERED.

4    DATED: August 31, 2012

5                                              KANDIS A. WESTMORE
                                               United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28