IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>DEANDRE SNEAD,<br><br>      Defendant.<br>_____/ | No. CR 12-0649 CW<br><br>ORDER DENYING<br>§ 2255 MOTION |

Movant Deandre Snead, represented by counsel, moves under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Respondent has filed an opposition to the motion and Movant has filed a reply.[1] Having considered all of the papers filed by the parties and the record in this case, the Court DENIES the motion.

BACKGROUND

A.   Procedural Background

On December 10, 2012, Movant plead guilty, without a plea agreement, to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Applying United States Sentencing Guideline (USSG) § 2K2.1(a)(4)(a), the Presentence Report (PSR) indicated that Movant's base offense

---

[1] The government has filed a motion to stay the proceedings related to this motion pending the resolution of Beckles v. United States, Supreme Court Case No. 15-8544, in which the Supreme Court will address the applicability of Johnson v. United States, 135 S. Ct. 2551 (2015) to the United States Sentencing Guidelines. Movant opposes the motion. As discussed herein, the Court denies the § 2255 motion regardless of whether Johnson applies retroactively to the Sentencing Guidelines. Accordingly, the motion to stay is DENIED. Docket No. 36.

level was 20, because Movant had one prior conviction for a crime of violence, second degree burglary.  Section 2K2.1(a)(4)(a) relies on the Career Offender Guideline, USSG § 4B1.2, for the definition of crime of violence.  The PSR applied a four-level enhancement because the offense involved a firearm with an obliterated serial number and a three-level downward adjustment for acceptance of responsibility, for a total offense level of 21.  The PSR indicated that Movant should be classified in Criminal History Category V, resulting in an advisory Guidelines range of seventy to eighty-seven months.  If Movant's sentence had not been enhanced based on the crime of violence, his total offense level would have been 15, with a resulting advisory Guidelines range of thirty-seven to forty-six months.

At sentencing, the Court found that Movant's advisory Guidelines range was seventy to eighty-seven months and sentenced him to sixty months of imprisonment.  Movant did not file a direct appeal but, on May 31, 2016, after the Supreme Court issued its decision in Johnson v. United States, 135 S. Ct. 2551 (2015), he filed the instant § 2255 motion.

B.   Johnson v. United States

In Johnson, the Supreme Court addressed a challenge to the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which provides that a defendant with three prior "violent felony" convictions faces a fifteen-year mandatory-minimum sentence if convicted of violating 18 U.S.C. § 922(g).  18 U.S.C. § 924(e).  The ACCA residual clause definition of "violent felony," which encompasses any crime that "involves conduct that presents a serious potential risk of physical injury to another,"

2

is identical to the residual clause of the Guidelines' definition "crime of violence." The Ninth Circuit makes "no distinction between the terms 'violent felony' as defined in the ACCA and 'crime of violence' as defined in § 4B1.2(a)(2) of the Sentencing Guidelines for purposes of interpreting the residual clauses." United States v. Spencer, 724 F.3d 1133, 1138 (9th Cir. 2013) (quoting United States v. Crews, 621 F.3d 849, 852 n.4 (9th Cir. 2010) (internal alteration marks omitted).

The Johnson Court held that the residual clause is so vague that it "both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557. Accordingly, the Johnson Court held that an increase to a defendant's sentence under the clause "denies due process of law." In Welch v. United States, 136 S. Ct. 1357 (2016), the Supreme Court held that Johnson is retroactive as applied to the ACCA. However, neither the Supreme Court nor the Ninth Circuit has addressed whether Johnson is retroactive as to the identical language in the Sentencing Guidelines.

## LEGAL STANDARD

A prisoner in custody under sentence of a federal court, making a collateral attack against the validity of his or her conviction or sentence, must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). Section 2255 was intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement by providing an equally broad remedy in the more convenient jurisdiction of the sentencing

3

court. United States v. Addonizio, 442 U.S. 178, 185 (1979). Under 28 U.S.C. § 2255, a federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States.

## DISCUSSION

The government agrees that Johnson applies to the Sentencing Guidelines. However, the government argues that Movant procedurally defaulted his claim under Johnson by failing to file a direct appeal and that Johnson's application to the Sentencing Guidelines is not retroactive. Moreover, the government argues that Movant's prior conviction for second-degree robbery is a crime of violence, as defined by the Guidelines, even without the residual clause.

I. Procedural Default

As a general rule, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003). In order to overcome this procedural default resulting from the failure to raise his claims on direct appeal, Movant must show cause for the default and actual prejudice, or actual innocence. Sanchez-Llamas v. Oregon, 548 U.S. 331, 350-51 (2006). A movant shows cause by demonstrating "that the procedural default is due to an 'objective factor' that is 'external' to the petitioner and that 'cannot be fairly attributed to him.'" Manning v. Foster, 224 F.3d 1129, 1133 (9th Cir. 2000) (quoting Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)).

The government argues that "a defendant who failed to raise a claim on direct appeal must show ineffective assistance of counsel

4

to establish cause." Docket No. 35 at 4. This narrow interpretation of cause is not supported by case law. Although, in most cases, a failure to object or failure to file a direct appeal that is not attributable to ineffective assistance of counsel is a procedural default, there are circumstances in which cause may be found. See, e.g., Reed v. Ross, 468 U.S. 1, 13 (1984) ("Underlying the concept of cause, however, is at least the [] notion that, absent exceptional circumstances, a defendant is bound by the tactical decisions of competent counsel.") The Supreme Court has held that cause is found when "the factual or legal basis for a claim was not reasonably available to counsel" at the time a direct appeal was or could have been filed. Murray v. Carrier, 477 U.S. 478, 488 (1986). Accordingly, the failure to file a direct appeal when the appeal "would have been futile, because a solid wall of circuit authority" precluded the appeal does not constitute procedural default. English v. United States, 42 F.3d 473, 479 (9th Cir. 1994) (internal quotation marks and citations omitted); see also Kimes v. United States, 939 F.2d 776, 778 (1991) ("failure to object . . . is not fatal to [a § 2255] petition, since well settled law precluded [the] claim at the time").

In Reed, the Supreme Court held that when one of its decisions explicitly overrules one of its prior decisions or overturns "a longstanding and widespread practice to which [the Supreme Court] has not spoken, but which a near unanimous body of lower court authority has expressly approved" and the new decision

> is given retroactive application, there will almost certainly have been no reasonable basis upon which an attorney previously could have urged a []court to adopt

5

> the position that this Court had ultimately adopted. Consequently, the failure of a defendant's attorney to have pressed such a claim . . . is sufficiently excusable to satisfy the cause requirement.

Id. at 17 (internal quotation marks omitted). Here, Johnson expressly overrules prior Supreme Court cases upholding the analogous residual clause in the ACCA and the Supreme Court has held that Johnson is retroactive with respect to ACCA claims. Welch v. United States, 136 S. Ct. 1257 (2016).

Moreover, it is indisputable that, at the time Movant could have filed a direct appeal, a claim that the residual clause in the § 4B1.2 definition of crime of violence was void for vagueness would not have succeeded and that "the legal basis for the claim was not reasonably available to counsel" at that time. Murray, 477 U.S. at 488. Vagueness challenges to the residual clauses in the ACCA and the Sentencing Guidelines were foreclosed by the Supreme Court decisions in James v. United States, 550 U.S. 192 (2007), and Sykes v. United States, 131 S. Ct. 2267 (2011). Accordingly, Movant has demonstrated cause for his procedural default.

As stated above, Movant must also demonstrate prejudice by showing that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" United States v. Braswell, 501 F.3d 1147, 1150 (9th Cir. 2007) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). The Supreme Court has not defined the level of prejudice necessary to overcome procedural default but it has held that the level is "significantly greater than that necessary under the more vague inquiry suggested by the words

6

'plain error.'" Murray, 477 U.S. at 493-94 (quoting Engle v. Isaac, 456 U.S. 107, 135 (1982)).  To show prejudice under the plain error standard, a defendant must "show her substantial rights were affected, and to do so, must establish that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." United States v. Bonilla-Guizar, 729 F.3d 1179, 1187 (9th Cir. 2013) (internal quotation marks omitted).

The government argues that Movant cannot demonstrate prejudice because the Sentencing Guidelines are only advisory. Accordingly, the government notes that this Court "had nearly unfettered discretion to impose any sentence that Congress made applicable to his offense."  Docket No. 35 at 6.  However, even though the Guidelines are advisory, the Supreme Court has consistently held that sentencing courts "must treat the Guidelines as 'the starting point and the initial benchmark.'" Kimbrough v. United States, 552 U.S. 85, 108 (2007) (quoting Gall v. United States, 552 U.S. 38, 49 (2007); see also Peugh v. United States, 133 S. Ct. 2072, 2083 (2013) ("federal sentencing scheme aims to achieve uniformity by ensuring that sentencing decisions are anchored by the Guidelines"); Gall, 552 U.S. at 50 n.6 ("district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process."). The Supreme Court recently observed that "when a Guidelines range moves up or down, offenders' sentences move with it."  Peugh, 133 S. Ct. at 2084.  An improperly calculated Guidelines range would "derail[] the sentencing proceeding before it even began." United States v. Doe, 705 F.3d 1134, 1154 (9th Cir. 2013).

7

Accordingly, the Ninth Circuit has long held that, on direct review, miscalculation of the Guidelines range constitutes plain error that affects a defendant's substantial rights. See, e.g., id. at 1188 ("We have held that when a sentencing judge incorrectly calculates the Guidelines range, potentially resulting in the imposition of a greater sentence, the error affects the defendant's substantial rights and the fairness of the judicial proceedings."). Moreover, the Supreme Court recently held that, absent "unusual circumstances," when a sentencing court improperly calculates the Guidelines range, the sentence constitutes plain error, even if the sentence imposed is within the correct Guidelines range. Molina-Martinez v. United States, 136 S. Ct. 1338, 1347 (2016).

Here, this Court considered the enhancement based on the definition of crime of violence in imposing its sentence. Even though the sentence of sixty months was a downward variance from the enhanced range of seventy to eighty-seven months, it was still well above the non-enhanced range of thirty-seven to forty-six months. The Court finds that the constitutional error in calculating Movant's Guidelines range "worked to his actual and substantial disadvantage." Frady, 456 U.S. at 171 (emphasis in original).

Accordingly, the Court finds that Movant has shown cause and prejudice sufficient to overcome his failure to file a direct appeal challenging his sentence.

II. Retroactivity

The government next argues that, under Teague v. Lane, 489 U.S. 288 (1989), Johnson does not apply retroactively to cases in

8

which an enhancement based on the definition of crime of violence in the Career Offender Guideline was applied. In Teague, the Supreme Court held that newly announced constitutional rules apply to all criminal cases still on direct review but only apply retroactively on collateral review if the rule (1) "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" or (2) is a "watershed rule[] of criminal procedure." Id. at 304, 311 (internal quotation marks omitted).

As stated above, the Supreme Court has held that Johnson is a new substantive rule because it "changed the substantive reach of the Armed Career Criminal Act, altering 'the range of conduct or the class of persons that the [Act] punishes.'" Welch, 136 S. Ct. at 1265 (quoting Schriro v. Summerlin, 542 U.S. 348, 353 (2004)). Movant argues that, because the decision in Johnson similarly limits the application of certain Guidelines provisions and because it has been found to be retroactive with respect to the ACCA, it should be retroactive as to those Guidelines provisions as well. Movant contends that the retroactivity analysis in Welch applies to the rule set out in Johnson, and does not depend on the type of case in which the rule is applied.

It is true that the rule announced in Johnson applies only by analogy to the definition of crime of violence in the Career Offender Guideline. Johnson found that the language in the ACCA is unconstitutionally vague. While courts, including the Supreme Court and the Ninth Circuit, routinely look to interpretation of language in the ACCA when considering nearly identical language in the Guidelines and vice versa, it cannot be assumed that a finding

9

that Johnson is retroactive as to the ACCA definitively means that it is retroactive as to the Guidelines. Indeed, the Supreme Court recently granted certiorari in Beckles v. United States, 2016 U.S. LEXIS 4142. Among the issues presented in Beckles is whether Johnson applies retroactively to collateral challenges to federal sentences enhanced based on the definition of crime of violence in the Career Offender Guideline.

As the government points out, those who meet the criteria of the ACCA are subject to a statutory mandatory minimum sentence. In contrast, those who are eligible for enhancements under the Sentencing Guidelines pursuant to language similar to that found unconstitutional in Johnson are subject to higher advisory Guidelines ranges. Therefore, the government argues that, as applied to defendants who are challenging Guidelines enhancements, the rule in Johnson is procedural because it "does not alter the statutory sentencing range or prevent reimposition of the same sentence without the career offender enhancement." Docket No. 55 at 10. In effect, the government argues that any new constitutional rules applicable to Guidelines calculations are neither substantive nor watershed procedural rules under Teague and thus cannot be applied retroactively.[2] As a district court in the District of Oregon recently observed, there is no Ninth

---

[2] The government also argues that any Guidelines calculation error is a "procedural error" rather than "substantive error." However, the terms "procedural error" and "substantive error" are terms of art related to direct appellate review of sentences and are not applicable here. See Gall v. United States, 522 U.S. 38, 51 (2007).

10

Circuit or Supreme Court authority to support this position. See United States v. Dean, 2016 WL 1060229, at *13 (D. Or.).

Indeed, in Reina-Rodriguez v. United States, the Ninth Circuit determined that an en banc decision which "altered the conduct that substantively qualifies as burglary under the categorical approach" for purposes of the ACCA was a substantive rule and therefore eligible for retroactive application under Teague. 655 F.3d 1182, 1189 (9th Cir. 2011). Without addressing whether the retroactivity analysis should be different for cases under the Guidelines as opposed to under the ACCA, the Ninth Circuit applied the decision retroactively to a case challenging a Guidelines enhancement based on the § 4B1.2 definition of crime of violence. Id. at 1189-90.

Moreover, in Welch, the Supreme Court made clear that it "determine[s] whether a new rule is substantive or procedural by considering the function of the rule." 136 S. Ct. at 1265. The Welch Court held that rule in Johnson was substantive because it "affected the reach of the underlying statute rather than the judicial procedures by which the statute is applied." Id. Applying Johnson to the Guidelines likewise affects the reach of those Guidelines that rely on the definition of crime of violence in the Career Offender Guideline but "has nothing to do with the range of permissible methods a court might use to determine" whether those Guidelines apply. Id. As it does for the ACCA, "Johnson substantively changes the conduct by which federal courts may enhance the sentence of a defendant under the Guidelines." Dean, 2016 WL 1060229, at *16. Accordingly, Johnson applies retroactively to Movant's case.

11

III. Crime of Violence

Finally, the government argues that Movant's conviction for second-degree robbery, in violation of California Penal Code section 211, qualifies as a crime of violence, as defined by the Career Offender Guideline, without relying on the residual clause.

Section 4B1.2 defines a crime of violence as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>.

USSG § 4B1.2(a). The underlined portion of the definition is referred to as the residual clause. Application Note 1 to § 4B1.2 indicates that the term "crime of violence" "includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling." USSG § 4B1.2, comment. (n.1).

As the government points out, the Ninth Circuit has previously held that violations of California Penal Code section 211 are crimes of violence for purposes of USSG § 2L1.2. <u>See</u> <u>United States v. Flores-Mejia</u>, 687 F.3d 1213, 1215-16 (9th Cir. 2012); <u>United States v. Becerril-Lopez</u>, 541 F.3d 881, 892-93 (9th Cir. 2008). In those cases, the Ninth Circuit held, "CPC § 211 is categorically a 'crime of violence' under U.S.S.G. § 2L1.2, because, in all its applications, CPC § 211 always constitutes

12

either generic robbery or generic extortion, both of which are included in U.S.S.G. § 2L1.2's definition of 'crime of violence.'" United States v. Dixon, 805 F.3d 1193, 1196 (9th Cir. 2015).

Unlike § 4B1.2, § 2L1.2 does not contain a residual clause, nor does the Guideline itself include a definition of crime of violence. Instead, an application note to the Guideline defines crime of violence to be any of a list of enumerated generic offenses, including robbery and extortion, or any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 2L1.2, comment. (n.1(b)(iii)).

As noted above, the § 4B1.2 Guideline definition of crime of violence at issue in this case includes extortion, but not robbery, in its list of enumerated generic crimes. The commentary to § 4B1.2 includes robbery in an additional list of enumerated generic crimes. Citing Stinson v. United States, 508 U.S. 36, 38 (1993), the government argues that Guidelines commentary, including the list of enumerated generic crimes in the commentary to § 4B1.2, is binding on this Court. Movant counters that Guidelines commentary is not binding if "it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Id. Movant further contends that, without the residual clause, generic robbery no longer constitutes a crime of violence under § 4B1.2. Therefore, according to Movant, the commentary including robbery either violates the Constitution because it relies on the residual clause or is inconsistent with the Guideline without the residual clause. However, in the Ninth Circuit, generic robbery is defined

13

as "aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving immediate danger to the person." United States v. Becerril-Lopez, 541 F.3d 881, 891 (9th Cir. 2008) (quoting 3 W. LaFave, Substantive Criminal Law § 20.3(e) (2d ed. 2003)).  This definition meets the "elements clause" of § 4B1.2(a), because it "has as an element the . . . threatened use of physical force against the person of another."  USSG § 4B1.2(a); see also, id. (noting that the generic definition of robbery requires that the taking be done by means of violence or the use of force or fear). Accordingly, the inclusion of robbery in the Guidelines commentary is binding on this Court.[3]

Because § 4B1.2's definition of crime of violence encompasses both generic robbery and generic extortion and because the Ninth Circuit has held that California Penal Code section 211 always constitutes either generic robbery or generic extortion, Movant's conviction under section 211 continues to qualify as a crime of violence following Johnson.

IV.  Request for a Certificate of Appealability

If the Court denies Movant's § 2255 motion as it does here, Movant requests a certificate of appealability (COA) pursuant to

---

[3] Movant's citation to United States v. Soto-Rivera, 811 F.3d 53 (1st Cir. 2016), is unavailing.  In Soto-Rivera, the First Circuit held that, after Johnson, the inclusion of possession of a machine gun as a crime of violence in the commentary to § 4B1.2(a) was improper because, "in the absence of the residual clause, there is nothing within § 4B1.2(a)'s text to serve as an anchor for Application Note 1's inclusion of possession of a machinegun within the definition of crime of violence."  Id. at 60.  In contrast, as discussed above, generic robbery qualifies as a crime of violence under the "elements clause."

14

28 U.S.C. § 2253(c). A certificate of appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[4] The Court certifies in accordance with 28 U.S.C. § 2253 that, for the reasons set forth in the Order Denying § 2255 Motion, none of the issues raised in the motion involves a substantial showing of the denial of a constitutional right. The certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, the Court DENIES Movant's § 2255 motion. Docket No. 27.

IT IS SO ORDERED.

Dated: August 2, 2016

CLAUDIA WILKEN
United States District Judge

---

[4] Section 2253(c)(2) codified the standard announced by the United States Supreme Court in Barefoot v. Estelle, 463 U.S. 880, 892-93 (1983). In Barefoot, the Court explained that "a substantial showing of the denial of [a] federal right" means that a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner], or that the questions are adequate to deserve encouragement to proceed further." Id. at 893 n.4.

15